**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BURTHNELL ANTHONEY HALL,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION
CENTER, et al.,

Respondents.

Case No.:  3:26-cv-01409-RBM-DDL

**ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

On March 5, 2026, Petitioner Burthnell Anthoney Hall ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.)  For the reasons below, the Petition is **DISMISSED** without prejudice.

## I.    DISCUSSION

The Court must first screen habeas corpus petitions to determine whether they are subject to summary dismissal.  *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254.").  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached

1

exhibits that the petitioner is not entitled to relief in the district court," Habeas Rule 4, or "where the allegations in the petition are vague or conclusory." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

To survive screening , the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). The dismissal does not bar the petitioner from seeking habeas relief in the future. *Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas . . . is inherent in the very role and function of the writ.").

In this case, Petitioner was detained on December 31, 2025, and seeks his "immediate release from [U.S. Immigration and Customs Enforcement's] custody." (Doc. 1 at 1.) However, Petitioner does not present a claim that would entitle him habeas relief such as violation of a statute, the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, or the Administrative Procedure Act.

Petitioner also fails to allege any facts that support grounds for relief. Petitioner claims his "continued detention is unnecessary" because "he has not committed a federal offense[,] is currently in the process of resolving his immigration[ ] matters[,] . . . works at Sandestin Investment LLC[,] has extended family in Miami [, and] does not pose a danger to the community nor a flight risk." (*Id*.) From these minimal facts, the Court cannot determine whether Respondents plausibly engaged in unlawful conduct. Petitioner provides no facts regarding his immigration status. For example, Petitioner does not state how long he has resided in the country, when and where he entered the United States, the nature of his "immigration matters," whether he has received a bond hearing, whether he

2

was previously detained by Respondents and released on parole, or whether he is subject to mandatory detention by Respondents.  Without this information, the Court cannot determine whether Petitioner is entitled to habeas relief.  As the Petition fails to meet the screening requirements for a habeas petition, summary dismissal is required.[1]

## II.    CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice**. Petitioner may file an amended petition addressing the issues identified above **on or before April 9, 2026**.  The amended petition must be complete in itself and may not reference or incorporate any other prior filings.  Failure to file an amended petition **on or before April 9, 2026**, may result in dismissal of this action.

**IT IS SO ORDERED**.

DATE:  March 6, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.

3

3:26-cv-01409-RBM-DDL